TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00825-CR







Steven Hernandez Guevara, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 49,428, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING







 A jury found appellant Steven Guevara guilty of aggravated sexual assault of a child
younger than fourteen years old. See Tex. Penal Code Ann. § 22.021(a)(1), (2)(B) (West Supp.
2000). The trial court assessed punishment at forty years in prison. Appellant raises three
evidentiary issues. We will affirm the judgment of conviction. 

 Appellant complains only that the trial court made three improper evidentiary
rulings and does not challenge the sufficiency of the evidence. The trial court has broad discretion
in the admission of evidence and absent a clear abuse of discretion we will not disturb the trial
court's rulings. See Montgomery v. State, 810 S.W.2d 372, 379-80 (Tex. Crim. App. 1990);
Reed v. State, 974 S.W.2d 838, 839 (Tex. App.--San Antonio 1998, pet. ref'd). We will only
reverse an evidentiary ruling that is outside the "zone of reasonable disagreement." Montgomery,
810 S.W.2d at 391. 


 Appellant first contends that the trial court abused its discretion by refusing to
admit into evidence a note allegedly written by the complainant in which she denied having sexual
relations with appellant. Appellant argued that because the complainant denied writing the note,
it was admissible to impeach the portion of her testimony in which she claimed that she had had
sexual relations with appellant. 

 The State responds that the trial court did not abuse its discretion in refusing to
admit the note into evidence because appellant had already impeached herself by admitting she had
previously lied and told people she had not had sexual relations with appellant. Consequently,
argues the State, the note would at best be cumulative of her previous self-impeachment. 

 We hold that error, if any, in refusing to admit the note was harmless. The
complainant had already testified that she had lied to other people by telling them she did not have
sexual relations with appellant. To admit yet another example of her lying about the matter would
have been cumulative of her previous self-impeaching testimony. Additionally, we note that there
were many points in the complainant's testimony where she impeached her previous testimony by
stating that she had lied on several occasions. We cannot say that the trial court abused its
discretion in excluding the note. Appellant's first issue is overruled.

 Appellant next contends that the trial court abused its discretion by allowing the
State to introduce as evidence two modified statements made by the complainant during the
investigation of the offense because they were hearsay and because "appellant had been allowed
no effective impeachment of the complainant." The State responds that appellant did not preserve
these complaints for appellate review because he did not raise these objections at trial. 

 In order to preserve a complaint for appellate review, a party must have presented
to the trial court a timely objection and the specific grounds for the desired ruling. See Tex. R.
App. P. 33.1(a); DeBlanc v. State, 799 S.W.2d 701, 718 (Tex. Crim. App. 1990). Further, the
issue on appeal must comport with the objection made at trial; otherwise, nothing is preserved for
review. Id. 

 After appellant established that the complainant lied when she stated previously that
she had not had sexual relations with appellant, the State attempted to rehabilitate the complainant
by showing her the full version of her statements to police that she made during the investigation
of this incident. The State offered the statements to rebut appellant's contention that the
complainant fabricated the incident. See Tex. R. Evid. 801(e)(1)(B). Appellant objected, urging
that the statements were hearsay and that he had not had an opportunity to effectively impeach the
complainant. After a lengthy discussion outside the jury's presence, the trial court allowed only
portions of the complainant's statements as evidence. Remaining in the redacted statements
admitted as evidence was the statement by the complainant that appellant "got his other bab[ies']
mothers pregnant [and his] other bab[ies'] mothers [were] 15, [and] 16." Regarding the modified
statements, appellant only objected that they were improper under Texas Rule of Evidence 404
because they showed appellant's bad character and were improper under Rule 403 because the
probative value of the statements was outweighed by the highly prejudicial value. The trial court
performed a balancing test on the record and determined that the probative value outweighed the
prejudicial value.

 At trial, the complaints appellant now raises were addressed only to the complete
statements, and not to the modified statements the court ultimately allowed as evidence. After the
trial court redacted the complainant's statements, the only objections appellant raised were
pursuant to Rules 403 and 404. We hold that appellant failed to preserve his complaints that the
modified statements were hearsay and that he had not been allowed effective impeachment.
Appellant's second issue is overruled. 

 Finally, appellant contends that the trial court abused its discretion by allowing into
evidence the complainant's statement that appellant had told her that "he got his other bab[ies']
mothers pregnant [and his] other bab[ies'] mothers [were] 15, [and] 16." Appellant contends that
the trial court erroneously admitted this evidence because it showed only appellant's bad
character. The State responds that the trial court did not abuse its discretion in admitting this
portion of the complainant's statement because it showed appellant's motive, scheme and plan. 


 After appellant properly raised the 403 and 404(b) objections, the trial court
weighed the probative value of the evidence against its prejudicial effect. The trial court held that
the statement was proper rebuttal to appellant's "bringing up the fact that this [incident] may have
been made up, [or] fabricated." Additionally, the trial court stated that the statements were
admissible to show plan, design or motive. The trial court stated that she "weighed the probative
value and the potentially prejudicial value and I have admitted it and found that the probative
value of it is more important that the prejudicial value. And so that is the purpose for which [it]
will be admitted." 

 Appellant's alleged admission about getting other young women pregnant in the
same way as he was having sex with the complainant did tend to show that appellant had a motive,
scheme and plan when dealing with immature women. Additionally, as the trial court found, the
testimony served to rebut the appellant's theory that the complainant had fabricated the accusations
simply to get attention. We cannot say that the trial court abused its discretion in allowing the
complained of portion of the complainant's statement into evidence. Appellant's third issue is
overruled.

 We affirm the judgment of conviction.



 


 Jan P. Patterson, Justice

Before Justice Jones, Yeakel and Patterson

Affirmed

Filed: August 31, 2000

Do Not Publish



ther, the
issue on appeal must comport with the objection made at trial; otherwise, nothing is p